J-S66037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONNIE DUSTIN HAGGERTY, | |
| Appellant | No. 552 WDA 2017 |

Appeal from the Order Entered November 18, 2016
in the Court of Common Pleas of Indiana County
Criminal Division at No.: CP-32-CR-0000761-2005

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED NOVEMBER 29, 2017**

Appellant, Lonnie Dustin Haggerty, appeals *pro se* from the order denying his serial post-conviction petitions and motions, which we treat collectively as an untimely Post Conviction Relief Act (PCRA)[1] petition.[2] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Although Appellant styled his filings otherwise, "[w]e have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citations omitted) (holding appellant's attempt to frame his petition as "motion to correct illegal sentence" does not change applicability of PCRA); **see also** 42 Pa.C.S.A. § 9542 ("[The PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist . . . including *habeas corpus* and *coram nobis*.");
*(Footnote Continued Next Page)*

A previous panel of this Court set forth the background of this case as follows:

> In July 2004, a fourteen-year-old boy accused Appellant of sexually abusing him while he slept. The Commonwealth charged Appellant with involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, indecent assault, corruption of minors, and unlawful contact with a minor. In December 2005, Appellant entered a guilty plea to statutory sexual assault, in exchange for the remaining charges to be *nol prossed*. At sentencing, however, Appellant orally moved to withdraw his guilty plea and the trial court granted Appellant's motion. Following a trial in April 2006, a jury convicted Appellant of all of the aforementioned crimes. On July 24, 2006, the trial court sentenced Appellant to an aggregate term of nine to 20 years of incarceration and determined him to be a sexually violent predator (SVP) pursuant to Megan's Law, 42 Pa.C.S.A. § 9791, *et. seq.* Appellant did not file post-sentence motions or a direct appeal. On October 11, 2007, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. On direct appeal, a panel of this Court affirmed Appellant's judgment of sentence in an unpublished memorandum. **Commonwealth v. Haggerty**, 961 A.2d 1275 (Pa. Super. 2008). Appellant did not file an appeal with the Pennsylvania Supreme Court.
>
> On June 3, 2009, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed a timely, amended PCRA petition. The PCRA court held an evidentiary hearing on March 16, 2010. On July 28, 2010, the PCRA court entered an order determining that Appellant was entitled to supplement the record and/or request a new hearing regarding his SVP determination, but denied relief on the remaining PCRA issues presented. Appellant appealed and this Court quashed the appeal after finding the order interlocutory. Thereafter, Appellant filed a motion with the PCRA court wherein he asserted he would not seek a new SVP hearing. Appellant requested the

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**Commonwealth v. Taylor**, 65 A.3d 462, 464 (Pa. Super. 2013) (treating appellant's serial post-conviction writ of *habeas corpus* as an untimely PCRA petition).

> PCRA issue a final order. On October 16, 2011, the PCRA [court] entered an order determining its prior July 28, 2010 order was final. [Appellant] timely appeal[ed.]

(**Commonwealth v. Haggerty**, No. 1765 WDA 2011, unpublished memorandum at *1-3 (Pa. Super. filed June 21, 2012) (footnotes omitted)).

On June 21, 2012, this Court affirmed the PCRA court's order. (**See id.** at *1). Our Supreme Court denied Appellant's petition for allowance of appeal on November 28, 2012. (**See Commonwealth v. Haggerty**, 57 A.3d 68 (Pa. 2012)).

On or after July 22, 2016,[3] Appellant filed the various underlying *pro se* petitions and motions seeking principally to set aside his sentence and enforcement of the plea agreement that he withdrew.[4] On November 18, 2016, the PCRA court entered an opinion and order denying the myriad motions and petitions, stating that Appellant could have brought his claims on direct appeal or under the PCRA, and that the time limitations for

---

[3] Pursuant to the prisoner mailbox rule, we deem Appellant's *pro se* documents filed on the day they were placed into the hands of prison authorities for mailing, rather than on the day they were docketed. **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

[4] Appellant styled his various motions as, *inter alia*: "Petition Seeking the Issuance of a Writ of Error *Coram Nobis* to Open the Judgment, Set Aside the Sentences Imposed and Petitioner's Immediate, Unconditional Discharge From Custody Upon the Writ," and accompanying memorandum of law; "Petition Seeking *Habeas Corpus* Relief Under Article I, § 14 of the Pennsylvania Constitution and 42 Pa.C.S.A. § 6501 *et seq.* of the Judicial Code; Motion to Compel Specific Performance and Enforcement of an Executory Agreement Breached by the Commonwealth;[]and Motion Seeking Clarification and Correction of an Ambiguous Sentence Entered in Excess of the Sentencing Court's Discretionary Power and Authority[.]"

requesting such relief have long since passed. (*See* PCRA Court Opinion, 11/18/16, at 5-6). This timely appeal followed.[5]

Appellant raises the following issues for our review:

1. Did the trial court err by not ordering specific performance and enforcement of [Appellant's] non-prosecution agreement and/or the separate plea agreement where the considerations of both agreements inducing the desired performance were violated by the Commonwealth prior to trial?

2. Was [Appellant's] right to due process violated by the trial court's act of *sua sponte* preferring and ordering the attorney for the Commonwealth to reinstate all criminal charges by filing an amended information in a manner inconsistent with established rules of procedure resulting in a coincidental loss of personal and subject matter jurisdiction?

3. Was [Appellant's] right to due process and a fair trial violated where the evidence adduced by the Commonwealth at trial was insufficient as a matter of law to establish his guilt beyond a reasonable doubt on two of the offenses charged due to a failure of proof?

4. Did the trial court abuse its discretion at sentencing and/or impose an illegal sentence illegal from its inception which was always subject to correction that must be vacated as a legal nullity?

5. Was [Appellant] denied his due process right to meaningful appellate review due to direct appeal counsel's failure to present any challenges to the judgment of sentence imposed and failing to present more promising issues on his appeal that would have likely compelled a far different result?

_____

[5] The court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 17, 2017, it entered an order adopting its November 18, 2016 opinion as its Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

6. Was [Appellant's] due process rights [sic] violated where the PCRA [court] failed to provide him with adequate corrective process for litigating his claims of error where multiple claims timely presented for the trial court's review went unheard at the evidentiary hearing, were not addressed in the PCRA court's opinion denying relief and were simply ignored?

7. Is [Appellant] being unlawfully detained in custody in violation of due process due to defective process, a void judgment and/or void or illegal sentence entitling him to immediate *habeas corpus* relief and his unconditional release from custody in the interest of justice and ensuring the proper administration of our laws?

(Appellant's Brief, at 4-5).[6], [7]

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record.

. . . The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law,

---

[6] The Commonwealth did not file a brief.

[7] We recognize that this Court granted Appellant's application to exceed the word-count limit prescribed by Pa.R.A.P. 2135; however, we note that his 106-page brief is more than triple the maximum presumptive compliant page length of thirty pages. **See** Pa.R.A.P. 2135(a)(1). Additionally, the brief is defective. The argument section is rambling, difficult to follow, and lacks coherent legal analysis of the issues presented. (**See** Appellant's Brief, at 35-106). Although we could quash this appeal for Appellant's defective brief, we decline to do so, in the interest of judicial economy. **See** Pa.R.A.P. 2101; **see also Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (stating *pro se* litigants must comply with procedural rules and declining to quash appeal despite defective brief).

our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Hudson***, 156 A.3d 1194, 1196–97 (Pa. Super. 2017), *appeal denied*, 2017 WL 3614192 (Pa. filed Aug. 23, 2017).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The petitioner bears the burden to plead and prove an applicable statutory exception. ***See Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, this Court affirmed Appellant's judgment of sentence on August 11, 2008, and he did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final thirty days later, on September 10, 2008, and he had until September 10, 2009 to file a timely PCRA petition. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(1), (3). Thus, the instant petition filed approximately seven years later is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1).

Here, from what we are able to glean from Appellant's rambling brief, he does not allege the applicability of **any** exception to the PCRA's time-bar. (**See** Appellant's Brief, at 35-106). Appellant instead focuses on issues that he could have raised on direct appeal, or in his first PCRA petition. (**See id.** (challenging, *inter alia*, the withdrawal of his guilty plea, the sufficiency of the evidence to support his conviction, the discretionary aspects of his sentence, and the legality of his sentence)). Because Appellant did not allege any exception to the time-bar, we conclude that he has failed to meet his burden under the PCRA. **See Robinson**, **supra** at 186.

Further, we observe Appellant's claim that his sentence is illegal and thus always subject to correction does not allow him to circumvent the PCRA's timeliness requirements. (*See* Appellant's Brief, at 76, 84-85). It is well-settled that "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." *Robinson*, *supra* at 185 (citation and internal quotation marks omitted). "[I]n order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. . . . [T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted).

Finally, with regard to Appellant's assertions of ineffective assistance of counsel, (*see* Appellant's Brief, at 89-94, 100-01), it is well-settled that "claim[s] that counsel was ineffective will not save an untimely PCRA petition." *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001) (citations omitted). In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three

exceptions to the PCRA's time-bar. **See Robinson**, **supra** at 186. Accordingly, we affirm the order of the PCRA court.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2017

---

[8] Although our reasoning differs somewhat from the court, we may affirm on any basis. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).